UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

**PETERSON DESRAVINES**, Plaintiff,

v.

**ORANGE COUNTY SHERIFF'S OFFICE; OFFICE OF THE STATE ATTORNEY, NINTH JUDICIAL CIRCUIT; HOME DEPOT U.S.A., INC.; DETECTIVE BRIAN CROSS (in his individual and official capacities); DEPUTY JOHN DOE (Orange County Sheriff's Office, individual capacity); and "ROBERTO" (Home Depot Loss Prevention, individual capacity)**, Defendants.

Case No. 2025-CA-010051-O

**COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF (42 U.S.C. § 1983, § 1985(3); RICO 18 U.S.C. § 1962(c),(d); Florida Tort Claims)**

**DEMAND FOR JURY TRIAL**

Plaintiff (Pro Se) Contact:
**Peterson Desravines**
P.O. Box 585415, Orlando, FL 32858
Phone: (310) 402-3717 • Email: petersondesravines@icloud.com

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and § 1985(3), and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d). This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. 2. The Court has supplemental jurisdiction over related state-law claims (false imprisonment, defamation, intentional infliction of emotional distress, negligence) under 28 U.S.C. § 1367. 3. Venue is proper in this District under 28 U.S.C. § 1391(b), because all events and omissions giving rise to these claims occurred in Orange County, Florida.

## II. PARTIES

4. Plaintiff **Peterson Desravines** is a resident of Orange County, Florida; he has **no tattoos**. 5. Defendant **Orange County Sheriff's Office** ("OCSO") is a Florida law-enforcement agency; it is sued for declaratory and injunctive relief and municipal liability (policy/custom/failure-to-train). 6. Defendant **Detective Brian Cross** is an OCSO officer, sued in his individual and official capacities. 7. Defendant **Deputy John Doe** is an unidentified OCSO deputy/officer who participated in the investigation and arrest; he is sued in his individual capacity and will be substituted when identified. 8. Defendant **Office of the State Attorney, Ninth Judicial Circuit** ("SAO") is the prosecuting agency for Orange County, sued for declaratory and injunctive relief. 9. Defendant **Assistant State Attorney Richard I. Wallsh** is sued in his individual capacity for non-advocacy acts to the extent not barred by absolute immunity, and in his official capacity for prospective relief. 10. Defendant **Home Depot U.S.A., Inc.** operates the Orange County retail location relevant to this complaint. 11. Defendant **"Roberto"** was Home Depot's loss-prevention officer involved in identifying Plaintiff; he is sued in his individual capacity.

## III. FACTUAL BACKGROUND

12. On April 5, 2024, a theft occurred at a Home Depot in Orange County, Florida. The suspect was described as a heavy-set Black male with **tattoos on both arms**, acting as lookout, and another slimmer male pushing a cart of merchandise. 13. Home Depot loss-prevention officer **Roberto** misidentified Plaintiff as a suspect and communicated that identification to OCSO. 14. OCSO prepared an incident

report naming Plaintiff and repeating the tattoo description, even though Plaintiff has **no tattoos** and did not match the description. 15. On **April 13, 2025**, OCSO arrested Plaintiff. He was jailed for approximately **nine (9) months**. 16. The SAO filed formal charges. Despite exculpatory facts (tattoo mismatch; alibi evidence), the prosecution continued for months before the charges were **dismissed/nolle prosequi**. 17. Plaintiff suffered severe harms including **job loss, reputational damage, anxiety, depression, suicidal thoughts, physical-health decline**, loss of liberty, and financial losses. 18. OCSO and SAO acted with deliberate indifference to obvious exculpatory evidence; OCSO and certain officers engaged in harassment, surveillance, and retaliation when Plaintiff asserted his rights. On one occasion, OCSO failed to provide emergency services to Plaintiff's family member in apparent retaliation. 19. The foregoing reflects not an isolated mistake but a pattern of **fabrication of evidence, witness coercion, malicious prosecution, and retaliation** extending over years (2018–2025). 20. OCSO and SAO policies, customs, and failures to train/supervise were the moving force behind these violations.

### IV. DAMAGES ALLEGATIONS

21. Plaintiff seeks not less than **$35,000,000** in compensatory damages for lost wages and earning capacity, reputational harm, emotional distress (including anxiety, depression, and suicidal ideation), physical-health decline, loss of liberty, and other consequential losses, plus punitive damages against individual defendants.

### COUNT I – 42 U.S.C. § 1983: UNLAWFUL SEIZURE / FALSE ARREST (Fourth Amendment)

(Against Detective Cross and Deputy John Doe; OCSO for municipal liability) 22. Defendants Cross and John Doe, acting under color of law, caused Plaintiff to be seized and arrested without probable cause. The arrest was predicated on an unreliable single-witness identification directly contradicted by obvious physical descriptors (alleged sleeve tattoos versus Plaintiff's lack of tattoos). 23. OCSO is liable under *Monell* for policies/customs and failure to train/supervise officers regarding corroboration and misidentification safeguards. 24. Plaintiff suffered loss of liberty and the damages described above. Punitive damages are warranted against the individual officers.

### COUNT II – 42 U.S.C. § 1983: MALICIOUS PROSECUTION (Fourth & Fourteenth Amendments)

(Against Detective Cross, Deputy John Doe, OCSO (*Monell*); ASA Richard I. Wallsh to the extent not absolutely immune; official-capacity prospective relief against SAO) 25. Defendants initiated and/or continued criminal proceedings without probable cause and with malice or reckless disregard, resulting in Plaintiff's seizure and prolonged prosecution; the matter terminated in Plaintiff's favor upon dismissal. 26. Plaintiff suffered constitutional injury and damages including incarceration, legal expenses, reputational harm, and emotional distress.

### COUNT III – 42 U.S.C. § 1983: FABRICATION OF EVIDENCE & DENIAL OF DUE PROCESS (Fourteenth Amendment)

(Against Detective Cross, Deputy John Doe; official-capacity relief against SAO) 27. Defendants knowingly or recklessly fabricated or relied on false evidence and ignored exculpatory facts, depriving Plaintiff of due process and a fair proceeding. 28. OCSO's and SAO's customs and failures to train/supervise foreseeably caused these constitutional violations.

### COUNT IV – 42 U.S.C. § 1983: FIRST AMENDMENT RETALIATION

(Against Detective Cross, Deputy John Doe, OCSO (*Monell*), and SAO for official-capacity relief) 29. Defendants took adverse actions—including harassment, denial of services, and continued prosecution—because Plaintiff exercised protected rights (petitioning, complaints, asserting innocence). Such actions would deter a person of ordinary firmness.

**COUNT V – 42 U.S.C. § 1983: FAILURE TO INTERVENE**

(Against officers who had a realistic opportunity to prevent the violations) 30. One or more OCSO officers knew constitutional violations were occurring yet failed to intervene, proximately causing Plaintiff's injuries.

**COUNT VI – 42 U.S.C. §§ 1983 & 1985(3): CIVIL CONSPIRACY**

(Against government defendants and Roberto; Home Depot on a vicarious basis as permitted) 31. Defendants reached an agreement, tacit or express, to violate Plaintiff's constitutional rights through false accusations, fabricated evidence, retaliatory acts, and malicious prosecution, causing the injuries alleged.

**COUNT VII – RICO: 18 U.S.C. § 1962(c) (Government Defendants Only)**

(Against OCSO, SAO (official-capacity relief), Detective Cross, and Deputy John Doe; ASA Wallsh in individual capacity to the extent not absolutely immune for non-advocacy conduct) 32. The government defendants associated with an enterprise engaged in, and whose activities affected, interstate commerce—namely, a joint enterprise including OCSO and SAO. 33. Through a pattern of racketeering activity (including mail/wire fraud, obstruction of justice, witness tampering, and honest services fraud), defendants conducted or participated in the enterprise's affairs. 34. Plaintiff suffered business or property injuries including loss of employment and income, legal expenses, and other pecuniary harms. Plaintiff seeks treble damages, costs, and attorneys' fees under 18 U.S.C. § 1964(c).

**COUNT VIII – RICO CONSPIRACY: 18 U.S.C. § 1962(d) (Government Defendants Only)**

(Against the same government defendants as Count VII) 35. Defendants conspired to commit the violations of § 1962(c); overt acts were taken in furtherance of the conspiracy, causing Plaintiff's injuries. Plaintiff seeks treble damages, costs, and attorneys' fees.

**COUNT IX – FALSE IMPRISONMENT (Florida law)**

(Against OCSO, Detective Cross, Deputy John Doe; Home Depot and Roberto) 36. Defendants willfully **detained Plaintiff without lawful authority or probable cause, resulting in nine months of incarceration and** attendant damages.

**COUNT X – DEFAMATION PER SE (Florida law)**

(Against OCSO, Cross, John Doe; Home Depot and Roberto) 37. Defendants published false statements accusing Plaintiff of criminal conduct; such statements are defamatory per se and caused reputational and economic injury.

**COUNT XI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Florida law)**

(Against individual defendants; vicarious liability as allowed) 38. Defendants' conduct was extreme and outrageous and intentionally or recklessly caused Plaintiff severe emotional distress, including anxiety, depression, and suicidal ideation.

**COUNT XII – NEGLIGENCE / GROSS NEGLIGENCE (Florida law; pled in the alternative)**

(Against all defendants as applicable) 39. Defendants owed Plaintiff duties of reasonable care in investigation, identification, charging decisions, training, and supervision; they breached those duties, proximately causing Plaintiff's injuries and damages.

**V. DECLARATORY & INJUNCTIVE RELIEF (ENHANCED OVERSIGHT)**

40. Declaratory judgment that Plaintiff's constitutional rights were violated and that the accusations underlying the April 13, 2025 arrest were unfounded. 41. Injunction requiring: (a) correction/expungement of OCSO/SAO records concerning Plaintiff's arrest and charges; (b) **independent, external agency**

**review and written approval** before any future complaint, investigation, or criminal charge against Plaintiff may be opened or pursued by OCSO or SAO; (c) non-retaliation and prohibition on harassment, surveillance, or evidence tampering; and (d) policy and training reforms regarding misidentification, corroboration, and supervisory review when physical descriptors materially conflict.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants, awarding:

A. Compensatory damages in an amount not less than **$35,000,000**;

B. Punitive damages against individual defendants as permitted by law;

C. RICO treble damages, costs, and attorneys' fees under 18 U.S.C. § 1964(c);

D. Declaratory and injunctive relief as set forth above, including independent oversight of any future actions involving Plaintiff;

E. Pre- and post-judgment interest; and

F. All further relief the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated: October 10, 2025

Respectfully submitted,

/s/ Peterson Desravines (Pro Se)
P.O. Box 585415
Orlando, FL 32858
Phone: (310) 402-3717
Email: petersondesravines@icloud.com

Debra A Boffeli
Debra A Boffeli, Notary

DEBRA A. BOFFELI
Commission # HH 468807
Expires March 29, 2028

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

# EXHIBITS TO VERIFIED COMPLAINT AND RICO ACTION

**Plaintiff:** Peterson Desravines

**Defendants:** Orange County Sheriff's Office, Office of the State Attorney (Ninth Judicial Circuit), Home Depot U.S.A., Inc., Detective Brian Cross, Deputy John Doe, "Roberto" (Loss Prevention Officer), Assistant State Attorney Richard I. Wallsh

**Title:** Exhibits to Verified Complaint and RICO Action

**Case No.:** 2025-CA-010051-O

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

## TABLE OF CONTENTS – EXHIBITS TO VERIFIED COMPLAINT AND RICO ACTION

Plaintiff **Peterson Desravines**, appearing pro se, respectfully submits this Table of Contents in support of the attached "Exhibits to Verified Complaint and RICO Action." These exhibits consist of documentary evidence, witness statements, charging documents, official records, and other materials referenced in the Verified Complaint.

Plaintiff requests that this Honorable Court accept and consider the exhibits as part of the record in this action. All exhibits are organized, labeled, and presented below for the Court's convenience.


| Exhibit | Title & Brief Description | Page Range* |
|---|---|---|
| Exhibit A | Home Depot incident report and theft allegation documentation | pp. 1 – 10 |
| Exhibit B | Statement and suspect description provided by loss prevention officer "Ro[illegible]" | [illegible] – 18 |
| Exhibit C | Witness statement ("Popsky" evidence) showing solicitation of false testi[illegible] | [illegible]9 – 30 |
| Exhibit D | Arrest affidavit, narrative, and charging documents | pp. 31 – 48 |
| Exhibit E | Court filings, detention orders, and case docket materials | pp. 49 – 65 |
| Exhibit F | Formal charging documents and prosecutorial filings signed by ASA Ric[illegible] | [illegible] |
| Exhibit G | Documentation of continued harassment, false arrest, and malicious pro[illegible] | [illegible] – 92 |
| Exhibit H | Additional supporting materials, photographs, and corroborating eviden[illegible] | pp. 93 – 110 |


Respectfully submitted,


______________________________

**Peterson Desravines**
Pro Se Plaintiff
P.O. Box 585415
Orlando, FL 32858
Phone: (310) 402-3717
Email: petersondesravines@icloud.com

Roberto reported he saw Peterson and the unknown male selecting high-priced door locks and placed them in the shopping cart. Roberto called for another Asset Protection Specialist for assistance with surveillance. Roberto advised he and the other APS followed Peterson, and the second black male suspect. After placing the door locks in their shopping cart, Peterson and the unknown black male suspect went to the Appliance aisle. He observed the 2 of them selecting several Roomba robotic vacuums.

Roberto advised Peterson appeared to be the lookout person because he was constantly scanning for security.

Roberto and the other APS followed Peterson and the unknown black male suspect to the garden department and observed them selecting a Ryobi power tool.

Once they were done placing items in the shopping cart, Peterson and the unknown black male suspect made their way to aisle one toward the store's main entrance and exit. As they reached the main entrance door, Roberto and the other APS observed Peterson and the unknown male suspect standing by the exit door point of sale observing.

A few seconds later, Peterson placed an item down on a rack, and the unknown black male suspect walked quickly with the shopping cart passing the point of sale.

Roberto and the other APS intercept both Peterson and the unknown black male suspect. Roberto attempted to get the 2 of them back inside the store. However, Peterson and the unknown black male suspect refused and took off in a black Kia Sorrento with an unreadable Florida temporary tag.

Roberto described the merchandise as follows:

1. 18v Ryobi Power Cleaner Tool, valued at $99 U.S. Currency;
2. Roomba 694 Wifi Connected Robotic vacuum, valued at $822 U.S Currency
3. Everbilt Plastic Pegboard 16x16 Red, valued at $6.98 U.S Currency
4. Everbilt Plastic Pegboard 16x16 Black, valued at $13.96 U.S. Currency
5. Ridgid 18v Higher Pressure Inflator, valued at $138 U.S. Currency
6. Lockly Model S Deadbolt, valued at $298 U.S. Currency
7. Lockly Model Y Deadbolt PGD7YSN, valued at $596 U.S. Currency

The total value of the stolen items is $1973.94 U.S. Currency.

Roberto also described the black males as follows:
Peterson Desravines was a heavy-set black male wearing a purple Pittsburg Pirate hat. He wore a black t-shirt and faded black jeans. He had on a red and black slide. Roberto said Peterson had tattoos on both arms.

The unknown suspect was a skinny black male wearing a military camo hat with a black t-shirt and faded blue jeans. He wore a beard.

Roberto is willing to testify for this incident and said Home Depot will prosecute for this incident. I provided Roberto with a copy of the agency Guide for Victims and Witnesses containing the case number for this incident.

Based on the above, I found reason to believe that Peterson Desravines violated FSS 812.014(2)(C)(1)-24- Grand Theft third degree. Accordingly, charges are being filed with the Florida State Attorney's Office.

My body camera was activated and recorded during this incident.

This case will be forwarded to the Property Crimes Unit for further investigation.

There is no additional information at this time.

Exhibit A

4/15/2024 9:31 AM FILED IN OFFICE TIFFANY M RUSSELL CLERK CIRCUIT COURT ORANGE CO FL

# Incident Report

ORANGE COUNTY SHERIFF'S OFFICE

22-17369 ORIG

DEFENDANT* (ARS USE ONLY) 1: DESRAVINES,PETERSON

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DESRAVINES,PETERSON | 2039465 | BLACK | MALE | 05/02/1991 | 30 | No | 5'10" | 2000 | BLACK | BROWN | HAITI | |
| HOME ADDRESS | 695 LONGFORD LP | APOPKA | FLORIDA | 32703 | | | | | | | | |
| OPERATOR LICENSE | D261660911620 | FLORIDA | | | | | | | | | | |
| Home | NONE | | | | | | | | | | | |
| DEFENDANT (ARS USE ONLY) | At-Large | FILED STATE ATTORNEY OFFICE | HAITI | ;UNKNOWN | | | | | | | | |
| 812.014(2)(C)(1)-24 | F | GRAND THEFT 3RD DEGR | | | | | | | | | | |

REPORTER 1: OCASIO,RAUL ROBERTO

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OCASIO,RAUL ROBERTO | 4676895 | WHITE | MALE | 06/04/1990 | 31 | HISPANIC | No | 5'11" | 2408 | BLACK | BROWN | |
| LIGHT BROWN | MASSACHUSETTS | | | | | | | | | | | |
| BUSINESS ADDRESS | 6130 E COLONIAL DR | ORLANDO | FLORIDA | 32807 | | | | | | | | |
| OPERATOR LICENSE | S72685718 | MASSACHUSETTS | | | | | | | | | | |
| CELL | (857)206-3508 | | | | | | | | | | | |
| Business | roberto_r_ocasio@homedepot.com | | | | | | | | | | | |

SUSPECT* 2: ;UNKNOWN

| | | | |
|---|---|---|---|
| ;UNKNOWN | BLACK | MALE | UNKNOWN PLACE OF BIRTH |

VICTIM IS BUSINESS 1: HOME DEPOT

| | | | | |
|---|---|---|---|---|
| HOME DEPOT | 3773644 | FLORIDA | | |
| BUSINESS ADDRESS | 6130 E COLONIAL DR | ORLANDO | FLORIDA | 32807 |
| Business | NONE | | | |

Property

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | STOLEN* | No | $99.00 | 18v Ryobi Power Cleaner Tool | A | EQUIPMENT/TOOL* | TOOL | RYOBI |
| 2 | STOLEN* | No | $138.00 | Ridgid 18v Higher Pressure Inflator | A | EQUIPMENT/TOOL* | TOOL | RIDGID |
| 3 | STOLEN* | No | $822.00 | Roomba 694 Wifi Connected Robotic vacuum | A | EQUIPMENT/TOOL* | VACUUM | ROOMBA |
| 4 | STOLEN* | No | $298.00 | Lockly Model S Deadbolt | A | MISCELLANEOUS* | LOCKS | LOCKLY |
| 5 | STOLEN* | No | $596.00 | Lockly Model Y Deadbolt PGD7YSN | A | MISCELLANEOUS* | LOCKS | LOCKLY |
| 6 | STOLEN* | No | $6.98 | Everbilt Plastic Pegboard 16x16 Red | A | MISCELLANEOUS* | BOARD | EVERBI |
| 7 | STOLEN* | No | $13.96 | Everbilt Plastic Pegboard 16x16 Black | A | MISCELLANEOUS* | BOARD | EVERBI |

Modus Operandi

| | | |
|---|---|---|
| No | FROM BUILDING* | GRAND THEFT |

Narrative

On March 16, 2022, at approximately 1332 hours, I responded to Home Depot, located at 6130 East Colonial Drive, Orlando, Florida, in reference to a grand theft that took place on March 10, 2022.

My investigation revealed:

Upon my arrival, I met with Roberto Raul Ocasio (reporter), whom I identified via his Massachusetts driver's license, and he told me the following in both a verbal and sworn written statement:

On March 2022, at approximately 1300 hours, Asset Protection Specialist Roberto observed 2 black subjects enter Home Deport with an empty shopping cart. Roberto stated the first black male that entered was heavy set in body weight and dark complexion. This male was later identified as Peterson Desravines (Defendant 1). The second black was thin and lighter in complexion (Suspect 1).

EXHBIT A

Incident Report 22-17359 Supplement No ORIG
ORANGE COUNTY SHERIFF'S OFFICE

Roberto reported he saw Peterson and the unknown male selecting high-priced door locks and placed them in the shopping cart. Roberto called for another Asset Protection Specialist for assistance with surveillance. Roberto advised he and the other APS followed Peterson, and the second black male suspect. After placing the door locks in their shopping cart, Peterson and the unknown black male suspect went to the Appliance aisle. He observed the 2 of them selecting several Roomba robotic vacuums.

Roberto advised Peterson appeared to be the lookout person because he was constantly scanning for security.

Roberto and the other APS followed Peterson and the unknown black male suspect to the garden department and observed them selecting a Ryobi power tool.

Once they were done placing items in the shopping cart, Peterson and the unknown black male suspect made their way to aisle one toward the store's main entrance and exit. As they reached the main entrance door, Roberto and the other APS observed Peterson and the unknown male suspect standing by the exit door point of sale observing.

A few seconds later, Peterson placed an item down on a rack, and the unknown black male suspect walked quickly with the shopping cart passing the point of sale.

Roberto and the other APS intercept both Peterson and the unknown black male suspect. Roberto attempted to get the 2 of them back inside the store. However, Peterson and the unknown black male suspect refused and took off in a black Kia Sorrento with an unreadable Florida temporary tag.

Roberto described the merchandise as follows:

1. 18v Ryobi Power Cleaner Tool, valued at $99 U.S. Currency;
2. Roomba 694 Wifi Connected Robotic vacuum, valued at $822 U.S Currency
3. Everbilt Plastic Pegboard 16x16 Red, valued at $6.98 U.S Currency
4. Everbilt Plastic Pegboard 16x16 Black, valued at $13.96 U.S. Currency
5. Ridgid 18v Higher Pressure Inflator, valued at $138 U.S. Currency
6. Lockly Model S Deadbolt, valued at $298 U.S. Currency
7. Lockly Model Y Deadbolt PGD7YSN, valued at $596 U.S. Currency

The total value of the stolen items is $1973.94 U.S. Currency.

Roberto also described the black males as follows:
Peterson Desravines was a heavy-set black male wearing a purple Pittsburg Pirate hat. He wore a black t-shirt and faded black jeans. He had on a red and black slide. Roberto said Peterson had tattoos on both arms.

The unknown suspect was a skinny black male wearing a military camo hat with a black t-shirt and faded blue jeans. He wore a beard.

Roberto is willing to testify for this incident and said Home Depot will prosecute for this incident. I provided Roberto with a copy of the agency Guide for Victims and Witnesses containing the case number for this incident.

Based on the above, I found reason to believe that Peterson Desravines violated FSS 812.014(2)(C)(1)-24- Grand Theft third degree. Accordingly, charges are being filed with the Florida State Attorney's Office.

My body camera was activated and recorded during this incident.

This case will be forwarded to the Property Crimes Unit for further investigation.

There is no additional information at this time.

EXHIBIT A

# ORANGE COUNTY SHERIFF'S OFFICE

# STATEMENT

Please fill out in full detail

Case #: 22-17359

Suspect (last, first, middle): DesRavines, Peterson, Unknown

Zone: 25

Race: N/Afro [illegible] Sex: Male

Place of Birth: Cambridge MA

Age: 31 DOB: 06/04/90

Phone: 857 206-3508

Date of Incident: Month: 3 Day: 16 Year: 2022 Time: 1307 ... Time: 4?0

Grand ... Drive

Raul Roberto

Date of Offense: Month: 3 ... 10

Location: East Colonial Home Depot

E-Mail Address: roberto_r_ocasio@homedepot.com

Zip: Zip: Phone:

State: MA Other ID or Contact Info: 572805718

I, APS Roberto Ocasio of the Home Depot do hereby voluntarily make the following statement without threat, coercion, offer of benefit or favor by any persons whomsoever.

Asset protection specialist Roberto of the Home Depot ... I observed 2 unknown ... On March 10, 2022 @ approximately 1pm. [illegible] were seen selecting several ... the following ... both men were seen ... in the area and APS Roberto ... Store #0266 witness ... with an empty cart ... both ... also ... the ... [illegible] ... followed the men ... selecting several Boundary ... back [illegible] ... locks. APS [illegible] ... followed ... selecting ... high priced door locks ... [illegible] ... called for his assistance ... Both APS ... [illegible] ... area following the subjects ... to see if they ... [illegible] ... Both men were seen ... [illegible] ... to ... Garden ... [illegible] ... Roberto ... [illegible] ... the ... subjects ... because at times the ... subjects ... [illegible] ... main entrance ... is located ... [illegible] ... were seen selecting ... the ... Roberto and Winford were ... section and were seen ... to the ... attempt ... APS Roberto ... a good distance ... make their way ... walk out ... the exit at a ... signal to roll out ... to plan their walk out ... the ... the heavy set ... both standing near ... wait for the ... witness the ... subject ... [illegible]

—List stolen items separately (with values) in body of statement.—

Initial: RAO Initial: RAO

I will testify in court. YES

I will prosecute criminally. YES

Total Value of Property Stolen/Damaged $ 1973.94 Initial: RAO

I have reviewed the Victim's Rights package.

I Swear/Affirm the Above and/or Attached Statements are Correct and True.

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this 16 day of March, 2022.

by Roberto Raul Ocasio (name of person making statement)

Signature: [signature]

Page 1 of __

Arrest made? Yes☐ No☐ Miranda warning read? Yes☐ No☐

(Notary)

Exhibit B

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

**STATE OF FLORIDA**

**CASA No.: 2019-CF-003833-A-O**

**VS.**
**PETERSON DESRAVINES**

Forward to Judge

## POPOSKY CHERICHEL' AFFIDAVIT OF NON-PROSECUTION

**THE STATE OF FLORIDA**

**COUNTY OF ORANGE**

BEFORE ME, the undersigned authority in and for the State and county aforesaid, on this day personally appeared POPOSKY CHERICHEL being by me first duly sworn upon his/her oath deposes and says:

My name is POPOSKY CHERICHEL and I am the complainant against PETERSON DESRAVINES who is charged with the offense of GRAND- THEFT BY FRAUD which occurred on or about MARCH 14, 2019.

I am giving this sworn waiver to SATATE ATTORNEY'S OFFICE, of the NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY FLORIDA. I wish to state that I DO NOT wish to prosecute PETERSON DESRAVINES or the offense of GRAND- THEFT BY FRAUD ALLEGEDLY committed against me and I furthermore DO NOT wish to testify against him/her in court for the following reasons:

There was no fraud committed whatsoever between me and Peterson Desravines that March 14, 2019 when the police arrived Peterson and I already had resolved everything.

On March 14, 2019 around 12:30 am I call 911 and ask them to send me a police officer to 1015 Night Hawk LN Orlando FL 32818.

EXHIBIT "C"

My call was all about a Vehicle that I had asked Peterson to Purchase for me from the Auction But when the officers arrived to the house I explained them the situation they told me this wasn't criminal but that it was civil and if I wanted to press charges on Peterson Desravines. The officers said the only way they can do something for me tonight is to permit me to speak to Peterson Desravines tonight if I agreed to write a statement saying that Peterson did not give me the car or information on the vehicle. When I asked the two officers how am I going to prove that he didn't purchase the vehicle when he really did and had all the necessary information for real. The two officers replied to me by saying that once we corroborate your story by saying that we didn't see any Receipt or paperwork every one will believe it. The two officers further urged me to press charges and pressured me to write a statement ordered by the two police officers.

I witnessed that the two officers didn't even ask Peterson Desravines any questions about the incident they just asked him for his Driver's License and told him to stand aside while they figure things out. After writing the statement the officers put me on the line with a Detective who's named I believed was Detective Cross he told me he knows Peterson Desravines and he said I need to press charges, he said he Wants to see Peterson rot in Jail he doesn't care if it's true or not. I explained to him that I had no issues with Peterson it's just I didn't really understand what was going on because I never did anything like that before that this was my first time and I just needed clarification.

Two days later I receive a call from a Number that I did not recognized and he stated that his name was Detective Sergio Uribe with the Orange County Sheriff's Office and he was investigating the incident. I explained that there was nothing that needed to be investigated and that me and Peterson Desravines are ok and handled everything by ourselves and that I did not need him. He told me well "I'm the officer and I'm the one that makes this type of decision, I decide who is guilty and who is not" then he said "My Sargent and my colleague that had talked to you (Brian Cross) told me he's guilty and I need you to Press charges", I told the detective no I'm ok and I don't have any problems with Peterson

On March 18, 2019 around 2pm I receive a call from Peterson Desravines and he told me that he Has Detective Sergio Uribe on the line with us. I said ok then I told Detective Sergio Uribe that everything was ok with me and Mr. Peterson Desravines and that everything was resolved between us; it was a miscommunication that I had. He kept asking Peterson questions, Peterson responded by saying let me put my lawyer on the line and he would get mad as if he hated Peterson. Detective Sergio Uribe asked me again if I was not pressing

EXHIBIT C

charges and I said no and we hung the phone up with the notion that Orange County Sheriff's Office understood my wish's and would not continue to harass Peterson and myself

I, as the alleged victim in this case feel that the Justice System is untrustworthy after seeing that the two officers, Detectives and even their Sargent lied and make tried to make me lie to arrest Peterson Desravines. I feel that any innocent law abiding citizen can go to jail any time for any unknown reason without being a criminal because some police officers use the System to trash good law abiding citizens like Peterson Desravines.

Peterson Desravines did not deserve to go to jail that night because I told the officers that there was no altercation between me and Peterson. I don't see what is criminal because Peterson committed fraud or had the intention of doing so to me. It was a miscommunication and I told the officer that everything between me and Peterson was good and has been resolved amicably. I feel like right now that the state of Florida doesn't want to see union between its citizens if they could arrest Peterson for something like that and continue to harass him.

I, POPOSKY CHERICHEL and Peterson Desravines remain Friends in good relationship we have absolutely no difference that can split us.

For the entire above Stated Reasons and as I told the officers countless times I do not wish to prosecute Peterson on this fabricated case against Peterson Desravines.

I have been advised by the above named, that the State of Florida reserves the right to prosecute this case if it so desires. I have also been informed that if the State of Florida, agrees not to prosecute at this time, I as the complainant, CANNOT re-open this case at a later date.

I have not been threatened by anyone to make this statement. This statement is completely voluntary on my part. I have not been promised any reward or gift by anyone for making this statement and this statement is true and correct to the best of my knowledge.

I can read, write, and understand the English language and I fully understand this statement.

ExHBitC

Poposky Cherichel
COMPLAINANT POPOSKY CHERICHEL

C624-660-96-105-0
COMPLAINANT'S ID NO.

WITNESS: ____________________

SWORN TO AND SUBSCRIBED BEFORE ME THIS 23rd DAY OF March, 2018.

Notary Seal

Mhene Garcia
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG287212
Expires 1/30/2023

____________________
NOTARY PUBLIC

My Commission Expires: 1/30/2023

Exhibit C

**IN THE CIRCUIT COURT OF ORANGE COUNTY, STATE OF FLORIDA**

| | |
|---|---|
| **THE STATE OF FLORIDA** | **INFORMATION #** |
| **VS.** | **DIVISION - *FEL CASE MGMT PROGRAM*** |
| **PETERSON DESRAVINES** | **1. GRAND THEFT THIRD DEGREE (F3-L2)** |

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:**

ANDREW ASHER BAIN, State Attorney of the Ninth Judicial Circuit prosecuting for the State of Florida in Orange County, by and through the undersigned Designated Assistant State Attorney, under oath, CHARGES that PETERSON DESRAVINES, on or about the 10th day of March, 2022, in said County and State, did, in violation of Florida Statute 812.014(2)(c)(1), knowingly obtain or use, or endeavor to obtain or use MERCHANDISE, of a value of SEVEN HUNDRED FIFTY DOLLARS ($750.00) or more, the property of another, to-wit: HOME DEPOT or RAUL ROBERTO OCASIO, as owner or custodian thereof, with the intent to temporarily or permanently deprive said owner or custodian of a right to the property or a benefit therefrom, or to appropriate the property to the defendant's own use or to the use of a person not entitled thereto.

**STATE OF FLORIDA**
**COUNTY OF ORANGE**

Personally appeared before me Andrew Thomas Dawson, Assistant State Attorney of the Ninth Judicial Circuit of Florida, who being first duly sworn, says that he/she has received testimony under oath from the material witness or witnesses, which if true, would constitute the offense herein, and that he/she institutes the prosecution in good faith.

The foregoing instrument was acknowledged before me this 25 day of March, 2024 by the aforementioned Assistant State Attorney who is personally known to me and who did take said oath.

[signature]

ANDREW ASHER BAIN, State Attorney
Ninth Judicial Circuit of Florida

By [signature]
Andrew Thomas Dawson
Designated Assistant State Attorney
Florida Bar No. 1031913

KIZZY S. MALDONADO
Commission # HH [illegible]
Expires March [illegible]

AD/AD



Exhibit B

10

IN THE CIRCUIT COURT, NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

STATE OF FLORIDA,
Plaintiff,

CASE NUMBER:

1. GRAND THEFT THIRD DEGREE (F3-L2)

vs.

PETERSON DESRAVINES,
Defendant.
_______________________________/

**ORDER DIRECTING CLERK TO ISSUE CAPIAS**

The State Attorney has filed an Information pursuant to the authority granted to her by law charging the defendant with (specify count(s) by charge and by number if more than one count). Pursuant to Florida Statute 932.48 and Florida Rule of Criminal Procedure 3.131(j), the Clerk is hereby ordered to issue a capias for the arrest of said defendant and bail on each count is hereby fixed as follows:

(specify count(s) by charge and by number if more than one count) $2500

Additionally, the Court imposes the following conditions of release: You will keep your attorney and the Clerk of the Court advised of your most current address and telephone number, and

_____ No contact directly or indirectly with Victim/Co-Defendant/Witness
_____ No hostile or violent contact with the Victim
_____ Maintain separate residence
__X__ Do not return to the scene of the offense
_____ Do not possess/consume any alcohol, illegal drugs, or controlled substances without a valid prescription
_____ Do not possess any weapons or firearms
_____ Do not drive without a valid driver's license

The judge presiding at initial appearance may set or modify the bail.

(Complete the following if the Court has made a probable cause determination.)
FURTHER, the Court has examined the affidavits and/or exhibits on file and finds:
__X__ that probable cause exists for the detention of the above-named defendant.
_____ that no probable cause exists for the detention of the above-named defendant.

DONE AND ORDERED this 11th day of April, 2024.

Exhibit D

_______________________________
Circuit Court Judge Vincent Falcone III

4/29/24.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: 2024-CF-005108-A-O
DIV: Div 10
COURTROOM: JAIL3

STATE OF FLORIDA,
Plaintiff,

vs.

PETERSON DESRAVINES,
Defendant.
_______________________________/

**UNIFORM ORDER SETTING FELONY CASE MANAGEMENT CONFERENCE, PRE-TRIAL CONFERENCE AND TRIAL**

The above matter came for arraignment/status hearing and the defendant entered a plea of not guilty. Accordingly,

1. TRIAL DATE. This case is set for a Jury Trial for the three-week trial docket beginning **Monday, July 29, 2024**, in Courtroom **Room 6-D On The 6th Floor** at **9:00 AM** in the Orange County Courthouse, 425 N. Orange Avenue, Orlando, Florida.

2. PRETRIAL/SCHEDULING CONFERENCE. Counsel and parties, unless their presence is waived in writing prior thereto, shall attend a pretrial conference on **Tuesday, July 16, 2024** at **9:00 AM**, in Courtroom **Room 6-D On The 6th Floor**.

3. FELONY CASE MANAGEMENT CONFERENCE. Counsel and parties shall attend a felony case management conference on at , in Courtroom .

4. Counsel and the parties shall abide by the following Uniform Pre-trial Order: This order applies to all criminal cases prosecuted in the Circuit Court of the Ninth Judicial Circuit, State of Florida.

**I. Trial:**

A. State Attorneys, defendants and their attorneys and witnesses are expected to be ready for trial and be available during the entire trial period.

B. State Attorneys, defendants and their attorneys must be on time for trial and not leave the Judge's courtroom until released by the Presiding Judge.



EXHIBIT E/F

C. Scheduling a case for trial, during pretrial or other court appearance is a representation that the party is ready for trial and that the trial period/trial date is satisfactory to the party.

D. Criminal cases set for jury trial take precedence over motions, hearings, and civil trials, regardless of whether the motions, hearings or civil trials are in county or circuit court. (Rule 2.550 of the Florida Rules of Judicial Administration).

E. All attorneys must bring updated calendars to all court appearances. Once a case is scheduled for trial, any continuance due to a scheduling conflict will not be granted absent extraordinary circumstances.

**II. Motions to Transfer:**

All Motions to Transfer must be filed ten (10) days prior to pre-trial conference and contain a waiver of speedy trial if filed by the defendant and if the result of granting the motion would delay the trial. The motion must be in the approved form.

**III. Discovery:**

All parties shall commence and complete discovery prior to the pre-trial conference. Any motions shall be filed immediately upon discovery of the grounds for the motion and shall be set and heard prior to the pre-trial conference. The only motions allowed after pre-trial conference will be those addressing matters discovered after pre-trial conference and those directed to the conduct of the trial (including motions in limine and motions addressing trial restraints), which shall be set and heard before the trial period begins.

**IV. Pre-Trial Motions:**

A. Motions for Continuance: (1) Absent extraordinary circumstances, a motion to continue shall be filed before or at the time of pretrial conference. (2) Any such motion must be in writing on the approved form, setting forth good cause and must be accompanied by the approved form order. (3) If, after the case is scheduled for trial, a continuance is requested due to witness unavailability, then it must be filed prior to the trial date. (4) A request for continuance due to scheduling conflict will not be granted absent extraordinary circumstances. (5) A request for continuance based upon the scheduling of a non-criminal jury trial case and/or bench trial or hearings shall be denied absent extraordinary circumstances.

B. All other pre-trial motions: (1) Shall be filed at least ten (10) days prior to the pre-trial conference and scheduled for hearing prior to the pre-trial conference, unless good cause is shown for the delay, (2) Hearings shall not be continued due to the attorney's unavailability unless extraordinary circumstances exist. A conflicting trial or hearing date does not constitute an extraordinary circumstance. Attorneys are expected to have back up counsel ready to handle said motions. (3) Late filings of motions to suppress may result in denial without hearing. See State v. Powell, 717 So. 2d 1050 (Fla. 5th DCA 1998).



Exhibit E/F

C. Before the filing of ANY motion, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. "Conferred" means an in person or telephonic conversation between or among counsel. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed", "agreed" or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

**V: Case/Trial Management Conference and Pre-trial Conference:**

A. The prosecuting authority shall communicate a plea offer no less than five (5) days prior to the Felony Case Management Conference and the Pre-Trial Conference.

B. Criminal Punishment Code scoresheets shall be delivered to defense counsel prior to the Felony Case Management Conference and the Pre-trial Conference.

C. The defendant and counsel of record shall (mandatory) be present at Felony Case Management Conferences and Trial Management Conferences. The presence of the defendant and counsel of record cannot be waived without written order of the court and only upon a showing of good cause. See Cruz v. State, 822 So. 2d 595 (Fla. 3rd DCA 2002).

**VI: Miscellaneous:**

A. Interpreters: State Attorney and/or defendant's attorney shall notify the Court at the pre-trial conference if a language interpreter is required for the defendant or any witness together with notice of the relevant language.

B. Trial Division: If the trial is moved to the trial division, counsel may not reargue motions already ruled upon.

C. Clients must stay in contact with their attorney and must notify the Clerk of Court of any change of address within 24 hours of moving.

DONE AND ORDERED in open court, in Orlando, Orange County, Florida, April 29, 2024.

Alicia L Latimore Circuit Judge



EXHIBIT E /F

PETERSON DESRAVINES 695 LONGFORD LOOP
APOKA, FL, 32703

Deputy Clerk in Attendance: Christopher J.,
Office of Tiffany M. Russell, Orange County Clerk of the Circuit and County Courts

Copies to: ______ IMR _______ DEFT _______PROB
______ STATE ______ PD _______ CT DEPUTY _________ OTHER
____ Dockets ______Attorney OFFICE OF PUBLIC DEFENDER 435 NORTH ORANGE AVE
SUITE 400
ORLANDO, FL, 32801

Revised 12/17

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**



EXHIBIT E/F

**Orange County** **ICJIS Arrest Affidavit**

Arrested ☒ At-Large ☐ JRA ☐

Document #: 1075917

Division #: MSK (20)

Court Case #: 48-2024-CF-009723-A-O

Document Date: 07/15/2024

Location of Defendant Vehicle: OTHER - SEE NARRATIVE

Date-Time Booked: 07/15/2024 18:08

Agency Case Number: 24-007460

(ORI) : FL0480000

Agency Name: Orange County Sheriff's Office

FCIC/NCIC Check: ☒

Date-Time of Arrest: 07/15/2024 18:00

Address of Arrest: 3723 VISION BLVD, ORLANDO, FL, 32839

**DEFENDANT** Adult ☒ Juvenile ☐ Docket Number:

Inmate Number: 24009823

Language: ENGLISH

NAME (L,F,M): DESRAVINES, PETERSON

A.K.A:

Race: B Sex: M DOB: 05/02/1991 Age: 33

Height: 5'10" Weight: 239 Hair: BLK Eyes: BRO POB City: UNKNOWN POB State: POB Country: HAITI

RES Street#: 695 LONGFORD LOOP

Citizenship: HAITI

City: APOPKA State: FL Zip: 32703 Home Phone: (561) 564-2725 Other Phone: (689) 249-7659

Scars/Tattoos:

Ethnicity: NON HISPANIC

Driver's License/ State ID No: D261660911620 State: FL Year Expires: 2020

SSN #: [redacted]

Business and Occupation:

Bus Phone:

Bus Street#: ... City: State: Zip:

Next of Kin Name: Phone:

Next of Kin Street #: ... City: State: Zip:

**AGGRAVATORS:** Firearm ☐ Weapon ☐ Mask ☐ Vest ☐ Convicted Sex Batterer ☐ Hate Crime ☐ Special Victim: false Domestic Violence? N

**OFFENSES:** Felony ☒ Misd. ☐ ORD. ☐ Traffic ☐ Out of County ☐ Court Location: CIRCUIT Originating State/County: ORANGE COUNTY/FL

| No. | GOC Code | Description | | Count | Bond Amt $ / Status | FSS/ORD | FDLE Beat | Drug Name | Citation Number |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | GRAND THEFT BY FRAUD | 812.155-1 | 1 | 2,500.00 | 812.155.1 | 2022 | | |

DCF Notified? N By Whom? On Probation? Y Miranda Warning? Y By Whom? DETECTIVE BRIAN CROSS Involved? N

A/O

Exhibit G

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this 15 day of July year 2024

by [signature]

Notary Public ☒ Law Enforcement or Corrections Officer ☐

Personally Known ☒ Produced Identification ☐

Type of Identification

Notary Signature [signature]

NOTARY PUBLIC STATE OF FLORIDA

I swear or affirm the above statements are correct and true

(407) 836-4357
Officer's Bus. Phone No.

Officer's Signature [signature]

CROSS, BRIAN / 269
Officer's Name/ID

[redacted]

TURNER, TEMIKO
Notary Name

HH332810/ 11/16/2026
Notary Commission # / Exp. Date

**Orange County** **ICJIS Arrest Affidavit** (continued)

Arrested ☒ At-Large ☐ JRA ☐

Document #: 1075917

Division #: MSK

Document Date: 07/15/2024

Court Case #: 48-2024-CF-009723-A-O

Defendant's Name: DESRAVINES, PETERSON

Agency Case Number: 24-007460

**NARRATIVE:** The undersigned has probable cause to believe the above-named defendant on the, 15 of July 2024 at 18:00 at 3723 VISION BLVD, ORLANDO, FL, 32839 (Zone: 405 ) in Orange County did

On February 8, 2024, Demetrious Cowart filed a report with the Orange County Sheriff's Office in reference to a Grand Theft by Fraud complaint. On February 9, 2024, this matter was assigned to me to conduct a follow-up investigation. On February 24, 2024, at approximately 1300 hours, I met with Mr. Cowart at his residence located at 4470 Scenic Lake Drive, Orlando. Mr. Cowart's sister, Deanna Talbert was also present. Mr. Cowart stated that on Friday, January 26, 2024, he asked a neighbor, Shane Rogers if she knew a landlord that was renting a property. Mr. Cowart stated that Shane Rogers told him that she did know of someone. She stated his name was Jason Ward and he worked at Main Street Renewal. Shane Rogers gave Mr. Cowart the phone number for Jason Ward. Mr. Cowart stated he contacted Jason Ward at his number, 689-249-7659. Mr. Cowart stated that Jason Ward told him that he worked for Main Street Renewal. Mr. Cowart stated that Jason Ward picked him up at his residence and showed him a property located at 7318 Bordwine Drive Orlando, Florida. Mr. Cowart stated he told Jason Ward that he liked the property and provided his personal information so he could run a credit check and background check. Mr. Cowart stated that Jason Ward told him that he received a message from Main Street Renewal that he was approved for the home but he had to pay more money. Mr. Cowart stated that Jason Ward told him that he had a low credit score. Mr. Cowart stated that on Tuesday, February 6, 2024, he paid Jason Ward $3,421.00, by Apple Pay. Mr. Cowart stated Jason Ward provided him with a 'Standard Residential Lease Agreement.' Mr. Cowart stated that Jason Ward gave him a code that would allow him access to the home. Mr. Cowart stated he later went to 7318 Bordwine Drive. He attempted to enter the residence but the code did not work. He called Jason Ward but there was no answer. He tried several more times to call Jason Ward to no avail. Mr. Cowart stated he called Main Street Renewal and was told that they never heard of the name, Jason Ward. Mr. Cowart realized he was a victim of fraud and his sister, Deanna Talbert looked him up on-line by using his phone number, 689-249-7659, and a White pages website. Mr. Cowart and Ms. Talbert learned by researching the phone number that Jason Ward's actual identity was Peterson Desravines. They were able to see a photo of Peterson Desravines online and that photo was of the same person they originally knew as Jason Ward. Mr. Cowart stated Peterson Desravines date of birth is date of birth is May 2, 1991 and his probation officer is Gwendolyn Greene. I checked the Driver and Vehicle Information Database (D.A.V.I.D). There is only one Peterson Desravines in the State of Florida of Florida with a driver's license with the date of birth of May 2, 1991. I checked the Florida Department of Corrections database. Peterson Desravines with a date of birth of May 2, 1991, was released from custody on July 9, 2023. On February 24, 2024, I obtained the original 'Standard Residential Lease Agreement' from Mr. Cowart. I reviewed the document. The document defines 'The Landlord' as a business entity known as: DB LOGESTICS of 4100 South Orange Avenue, Orlando, Florida, 32801. The leased premises is described as a single family home with a property and mailing address of 7138 Bordwine Drive Orlando, Florida 32818. The lease term begins on February 3, 2024, and ends on February 4, 2025. The monthly rent is $2,000.00, due on the first of every month. A security deposit in the amount of $3,250.00 is required. The agreement lists the landlord's mailing address and contact information as: DB LOGESTICS, Attn: Jason Ward4100 South Orange Avenue Orlando, Florida 32801. The agreement was dated February 3, 2024. The agreement listed Jason Ward as Officer of DB LOGESTICS with his signature on the signature line. Demetrious Cowart and Deanna Talbert also signed the document. On February 26, 2024, at approximately 1620 hours, I ran Peterson Desravines on teletype and found out he had an active warrant for Violation of Probation. On February 27, 2024, at approximately 1425 hours, I went to 4100 South Orange Avenue, Orlando, Florida. 4100 South Orange Avenue is the address listed on the Standard Residential Lease Agreement as the business address for the landlord. 4100 South Orange Avenue in Orlando is an empty lot. On February 27, 2024, at approximately 1500 hours, I spoke with Probation Officer Gwendolyn Greene. Officer Greene confirmed that Peterson Desravines violated the terms of his probation. On February 27, 2024, at approximately 1600 hours, I went to the property listed on the initial report, 7138 Bordwine Drive. Initially I was unable to find the address. The correct address is 7318 Bordwine Drive Orlando. The address, 7138 Bordwine Drive listed on the initial report, lease and Mr. Cowart's sworn statement is incorrect. A check of the Orange County Property Appraiser website shows the property located at 7318 Bordwine Drive, Orlando, is in the name of Baf Assets 3, LLC, with a mailing address of 5001 Plaza On The Lake, suite 200, Austin, Texas. On April 11, 2024, Peterson Desravines was arrested for Driving with Revoked License by the Orlando Police Department. On May 8, 2024, Financial Crimes Investigative Analyst III Teresa Harper, looked up the wireless number, 689-249-7659. The

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this 15 day of July year 2024 by [signature]

Notary Public ☑ Law Enforcement or Corrections Officer ☐
Personally Known ☑ Produced Identification ☐
Type of Identification

Notary Signature [signature]

NOTARY PUBLIC STATE OF FLORIDA

I swear or affirm the above statements are correct and true

(407) 836-4357
Officer's Bus. Phone No.

Officer's Signature [signature]

CROSS, BRIAN / 269
Officer's Name/ID

[redacted]

TURNER, TEMIKO
Notary Name

HH332810/ 11/16/2026
Notary Commission # / Exp. Date



Exhibit G

3 of 4

Orange County

## ICJIS Arrest Affidavit (continued)

Arrested ☑ At-Large ☐ JRA ☐

Document Date: 07/15/2024

Document #: 1075917

Division #: MSK

Court Case #: 48-2024-CF-009723-A-O

wireless phone carrier for this number is T-Mobile. On May 14, 2024, at approximately 1400 hours, Detective Christopher Williams and I met with Joshua Sutta at Main Street Renewal located at 7380 West Sand lake Road, Orlando. Mr. Sutta stated he has worked for Main Street Renewal in the Orlando market for over three years. He oversees the daily operations as it pertains to the maintenance of the homes in their market. Mr. Sutta stated he knows every employee in their organization. He stated at no time did a person named Jason Ward or Peterson Desravines work at Main Street Renewal. I obtained a sworn, written statement from Mr. Sutta. On May 24, 2024, at approximately 1700 hours, I met with Peterson Desravines at the Orange County Jail. Mr. Desravines was advised of his Miranda Rights. He waived his Miranda Rights. The interview was recorded. I asked Mr. Desravines where he lives when he's not in jail. Eventually he stated he stays in Port St. Lucie, but declined to provide an address. Mr. Desravines stated his phone number is, 561-564-2725. He denied having the phone number, 689-249-7659. He stated he was not familiar with Main Street Renewals. He denied using the name, Jason Ward. He stated he did not rent a property. Mr. Desravines repeated that his brother rents properties. I asked him who Jose Desravines was. He stated Jose Desravines was his father. I showed Mr. Desravines the Standard Lease Agreement. He denied ever seeing it. Mr. Desravines stated he does not know the address, 7318 Bordwine Drive in Orlando. The interview continued about other cases Mr. Desravines is a suspect in. The interview was concluded and the recorder was turned off. As I was leaving, Mr. Desravines mentioned the name, Shane Rogers. On May 24, 2024, at approximately 1800 hours, I conducted a second interview with Mr. Desravines. On the recording, I incorrectly said the date of the interview was March 24, 2024. Mr. Desravines stated that Shane Roberts or Robbins is the person who referred her brother to independent living where his brother rents properties. Mr. Desravines stated he knows Shane because she got into trouble and he helped her out. He stated that Shane knows his name, Peterson. He said there is no reason for Shane to think he works at Main Street Renewals. Mr. Desravines stated she introduced her brother to him because he didn't have the credit. Peterson did not know the brother's name. Mr. Desravines stated the brother paid him through Apple Pay when he paid for his cell phone. Mr. Desravines stated that the brother started to threaten him. I showed Mr. Desravines a picture of Demetrious Cowart. Mr. Desravines identified the picture of Demetrious Cowart as the person he believed was Shane Rogers's brother. Mr. Desravines acknowledged knowing Demetrious Cowart and exchanging text messages, and Apple Pay payments but maintains he did not rent a property to him. On June 27, 2024, I served T-Mobile with a subpoena to produce any and all account information to include account opening documents and signature cards to include, but not limited to copies of all identifications used at the time of the account opening, names, addresses, email addresses, detailed call text, billing records, length of service (including start date), types of service utilized, telephone or instrument number, or other subscriber identity, the means and source of payment for such service (including any credit card or bank account number) for the phone number, 6892497659 and account number, [redacted]On June 30, 2024, I received a response back from T-Mobile in reference to the subpoena for records. T-Mobile objects to the referenced legal demand and is unable to respond to the request for the following reasons: The target telephone number is not associated with the individual identified in the legal demand. If multiple subscriber identifiers are set forth in the demand, all of the identifiers must match T-Mobile records before records will be released. T-Mobile may also object to the referenced legal demand for one or more of the following reasons: failure of personal service, lack of personal jurisdiction, demand is facially invalid, demand is overbroad, unduly burdensome and/or not refined in scope or date range, demand does not provide reasonable time for response, demand seeks electronic records that are not readily accessible, and/or demand seeks records that are not stored or maintained by T-Mobile. On June 27, 2024, I served a subpoena for records to Green Dot Bank. Apple Cash is a service offered by Green Dot Bank. Green Dot Bank manages the Apple Cash account and associated financial transaction elements of the Apple Cash feature, and keeps relevant associated records. Apple does not keep any such records. At the time of this report, the records have not been received. On July 2, 2024, I requested a second subpoena for T-Mobile records. At the time of this report, the T-Mobile records have not been received. On July 1, 2024, I met with Carmen Kid at Progress Residential located at 750 Northlake Boulevard, suite #1000, Altamonte Springs, Florida. Ms. Kid is a manager at the real estate rental agency. Ms. Kid stated that she was not familiar with the name, 'Jason Ward.' She stated she knows all of the employees at Progress Residential. She referred me to Progress Residential Human Resource Department for any further questions. On July 2, 2024, I emailed the human resource department for Progress

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this 15 day of July year 2024 by [signature]

Notary Public ☑ Law Enforcement or Corrections Officer ☐
Personally Known ☑ Produced Identification ☐
Type of Identification ______

Notary Signature [signature]

NOTARY PUBLIC STATE OF FLORIDA

I swear or affirm the above statements are correct and true

(407) 836-4357
Officer's Bus. Phone No.

Officer's Signature [signature]

CROSS, BRIAN / 269
Officer's Name/ID

[redacted]

TURNER, TEMIKO
Notary Name

HH332810/ 11/16/2026
Notary Commission # / Exp. Date



Exhibit [illegible] G

**Orange County** | **ICJIS Arrest Affidavit** (continued)

Arrested ☒ At-Large ☐ JRA ☐

Document #: 1075917

Division #: MSK

Document Date: 07/15/2024

Court Case #: 48-2024-CF-009723-A-O

Residential in reference to the name, Jason Ward. At the time of this report, I have not received a response. On July 2, 2024, I requested a second subpoena for T-Mobile records. On July 11, 2024, I served the second subpoena to T-Mobile. At the time of this report, the T-Mobile records have not been received. On January 8, 2024, a Scheme to Defraud complaint was filed against Peterson Desravines under Orange County Sheriff's Office case number, 24-001391. On April 8, 2024, a Grand Theft by Fraud complaint was filed against Peterson Desravines under Orange County Sheriff's Office case number 24-019653 and charges are forthcoming. On April 9, 2024, a Grand Theft by Fraud complaint was filed against Peterson Desravines under Orange County Sheriff's Office case number, 24-01986 and charges are forthcoming. On May 2, 2024, a Fraudulent Use of Personal Identification complaint was filed against Peterson Desravines under Orange County Sheriff's Office case number, 24-415400, and charges are forthcoming. On July 8, 2021, Peterson Desravines was adjudicated guilty and sentenced to 18 months with the Department of Corrections with credit for time served (635 days) and 12 years of supervised probation. Some of the conditions of his probation is not to engage in any employment, businesses, jobs, ventures, partnerships, or other income producing activity without prior approval from his probation officer. Based on this investigation, I believe Peterson Desravines did commit the offense of Grand Theft by Fraud. Demetrious Cowart identified Peterson Desravines as the individual whom he paid $3,431.00, to rent a house. Peterson Desravines was not authorized to rent the property. Peterson Desravines deceived Demetrious Cowart by using a false name to pose as a realtor. Peterson Desravines knowingly obtained funds with the intent to permanently deprive the victim the right or benefit of the funds. Peterson Desravines intended to defraud the victim who lawfully possessed their funds and the defendant obtained the funds by trick, deceit, or fraudulent or willful representations. Peterson Desravines is currently incarcerated at the Orange County Jail. I wish to add the charges of Grand Theft by Fraud.

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this 15 day of July year 2024 by

Notary Public ☑ Law Enforcement or Corrections Officer ☐

Personally Known ☑ Produced Identification ☐

Type of Identification

Notary Signature

NOTARY PUBLIC STATE OF FLORIDA

I swear or affirm the above statements are correct and true

(407) 836-4357
Officer's Bus. Phone No.

Officer's Signature

CROSS, BRIAN / 269
Officer's Name/ID

[redacted]

TURNER, TEMIKO
Notary Name

HH332810/ 11/16/2026
Notary Commission # / Exp. Date



Exhibit G